11-1012-ag
Uddin v. Holder

BIA
Gordon-Uruakpa, IJ
A095 122 492

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of April, two thousand twelve.

PRESENT:
        JOSÉ A. CABRANES,
        RICHARD C. WESLEY,
        SUSAN L. CARNEY,
            *Circuit Judges*.
_____

NASIR UDDIN,
        *Petitioner*,

        v.                                11-1012-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:        Usman B. Ahmad, Law Offices of Usman B. Ahmad, P.C., Long Island City, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Imran R. Zaidi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Nasir Uddin, a native and citizen of Bangladesh, seeks review of a February 24, 2011 decision of the BIA affirming the October 5, 2009 decision of Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa denying his motion to reopen. *In re Nasir Uddin*, No. A095 122 492 (B.I.A. Feb. 24, 2011), aff'g No. A095 122 492 (Immig. Ct. N.Y. City Oct. 5, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision.

We have considered both the BIA's and the IJ's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

An alien seeking to reopen proceedings may file only one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(A), (C). Uddin concedes that his August 2009

2

motion to reopen, filed more than six years after the entry of his December 2002 final order of removal, was untimely. To overcome this limitation, Uddin was required to demonstrate changed country conditions material to his asylum application. 8 U.S.C. § 1229a(c)(7)(C)(ii). The agency reasonably concluded that he failed to do so. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the agency's determination of changed country conditions for substantial evidence).

As the agency reasonably found, Uddin's evidence – a 2008 Human Rights Report, an affidavit describing his family's involvement in the Awami League, and articles generally describing conditions in Bangladesh – did not establish a change in country conditions material to his claim for relief. Uddin offered no evidence to support his general claims that his affiliation with the Awami League would lead to persecution or violence at the hands of the other political factions. Further, as Uddin concedes, the Awami League is currently the ruling party in Bangladesh, and has been since December 2008. Because the agency reasonably determined that Uddin failed to establish a material change in country conditions, it did not abuse its discretion by denying his

3

motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); *Jian Hui Shao,* 546 F.3d at 169. Accordingly, we need not reach Uddin's argument that he is prima facie eligible for relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4